Appeal dismissed on by order of this Court. *Page 761 
 SUPREME COURT RULES ADOPTED DECEMBER 17, 1941
RULE 1. INTERNAL GOVERNMENT OF THE SUPREME COURT.
(a) The Supreme Court may hear and determine cases when sitting en banc or in divisions. There shall be two permanent divisions of the Supreme Court, Division A and Division B. Each division shall be composed of the Chief Justice and three other Justices.
(b) The opinion, order, or judgment of a division shall be the opinion, order, or judgment of the Court unless the case involves, (1) capital punishment, (2) the determination of a State or Federal constitutional question wherein shall be brought into controversy, the constitutionality of a Federal or State statute, rule, regulation or municipal ordinance, (3) where there is a dissent to the proposed judgment of a division by a member thereof or the Chief Justice, and (4) where a case is ordered by the Chief Justice to be considered by two divisions. Such cases shall be adjudicated by the Court en banc, but in all others the decision of a division shall be final.
(c) When sitting en banc a majority of the Court shall constitute a quorum. When sitting en banc or in divisions, the Chief Justice shall preside and be the administrative officer of the Court. If the Chief Justice is unable to perform the duty imposed on him, the Justice longest in continuous service and able to do so, shall sit and officiate in his place.
(d) If a justice of any division is absent or disqualified, the Chief Justice may assign a Justice of the other division or call in a Circuit Judge to sit in the cause or he may assign the case to the division in *Page 762 
which there is no disqualified Justice. All cases may be set for oral argument by the Court or the Chief Justice.
(e) Each division of the Court may consider and grant or deny applications for writs of mandamus, prohibition, quo warranto, certiorari, habeas corpus, or any other writ contemplated by Section 5, Article V, of the Constitution; and if granted, such writs shall be made returnable according to law.
RULE 2. WRITS OF ERROR AND RETURN DAYS ABOLISHED — EFFECT OF NOTICE OF APPEAL.
(a) Writ of Error — Appeal Substituted. Relief by writ of error in this Court is hereby abolished. All relief heretofore obtained by writ of error shall be obtainable by appeal as in equity, and all law applicable to appellate proceedings at law or in chancery not inconsistent with the rules of this Court shall be applicable to appeals.
(b) Return Days Abolished. Return days of appeals are abolished and the date upon which the record on appeal is filed in this Court shall be the date from which the time for filing motions to dismiss, motions to strike briefs, etc., shall commence to run.
(c) Notice of Appeal. Effective Ruling. The filing of the notice of appeal with the Clerk of the Court whose order, judgment or decree is appealed from shall give the Appellate Court jursidiction of the subject matter and of the parties to the appeal, but it shall nevertheless be recorded in the minutes of the court whose order, judgment, or decree is appealed from. *Page 763 
RULE 3. MOTION DAY — NOTICE.
(a) Every Monday shall be Motion Day in this Court. Hearing on all motions not otherwise provided for will be had at 9:30 A. M. on any Motion Day provided a copy of the motion and notice of the hearing be served on the opposite party five days before the day set for hearing.
(b) No motion will be heard on any other day except in emergency. If the Court should not be in session on the day set for hearing the motion, it will be heard on some future day to be determined by the Court, of which the Clerk shall notify the parties.
RULE 4. MOTIONS TO QUASH, DISMISS OR STRIKE.
(a) Time for. Every motion on behalf of an appellee to quash or dismiss an appeal, or to strike the record or any portion thereof, must be filed and a copy thereof served upon the opposite party within ten (10) days after receipt of copy of the record on appeal by appellees as required by Rule 12 (i).
(b) When Heard. Upon proof of such service and without further notice to the opposite party, the Court will hear said motion on the first Monday thereafter, if a period of five days has intervened; otherwise on the next succeeding Monday.
(c) Briefs and Argument. The parties may file briefs on the motion any time before the hearing at which time they will be permitted to submit oral argument if they desire, but such permission shall not be construed to allow the movant to argue a motion to quash based on the ground that the appeal is frivolous, nor shall it prevent the court from dispensing with oral arguments. *Page 764 
(d) Stay of Proceedings. When a motion is made as provided by this rule, further proceedings or the filing of any paper or document in the cause will be suspended until the disposition of the motion. When the motion is disposed of, the cause will proceed under the rules unless otherwise ordered by the Court.
RULE 5. EVIDENCE IN SUPPORT OF MOTIONS.
All affidavits or evidence dehors the record offered in support of any motion before this Court shall be filed prior to the hearing thereon, and copies thereof served upon the opposite party in time to permit the offering of counter evidence, unless the motion be ex parte.
RULE 6. ATTORNEY AGENT OF CLIENT.
In all matters relating to the prosecution or defense of an appeal, the attorney of record shall be accepted as the agent of his client, and any notice by or to such attorney, act of his, or step in the prosecution or defense of the appeal taken by him shall be accepted as the act, notice to, or step of the client.
RULE 7. PROGRESS DOCKET.
The Clerk shall keep a docket of all cases appealed to or which originate in this Court for the use of the bench and bar. Each case shall be docketed and numbered in the order that the record on appeal or the petition originating the cause is filed in this Court.
RULE 8. HEARING TO BE ON TRANSCRIPT AND ASSIGNMENT OF ERRORS.
No cause shall be heard until a transcript of the record thereof shall be filed in accordance with the *Page 765 
rules of this Court, and no assignment of errors will be heard or considered which is not properly based upon the transcript of the record as made up and prepared under rules governing the preparation of transcripts of record.
RULE 9. TAKING RECORD FROM CLERK'S OFFICE.
No record shall be suffered by the Clerk to be taken from his office or the courtroom, except by the justices of the Court or upon the order of the Court.
RULE 10. ASSIGNMENTS OF ERROR.
Assignments of error shall be construed liberally so as to permit the Court to consider the alleged errors of the trial court. If based on orders, evidence or charges they should be referred to and if based on motion for new trial the grounds relied on should be pointed out.
RULE 11. CONTENT OF RECORD ON APPEAL.
(1) Assignments of Error and Directions to Clerk.
(a) By Appellant. Appeals shall be deemed to have been commenced when the notice of appeal is filed with the Clerk as provided in Rule 2. Within ten days after the notice of appeal is filed, the appellant shall file with the Clerk of the trial court, his assignments of error and directions to the clerk for making up the transcript of record on appeal, the latter to designate the portions of the record, proceedings and evidence to be included. The assignments of error and directions to the Clerk may be combined in one document.
(b) By Appellee. The appellee shall within ten days after said service is made file with the Clerk of *Page 766 
the trial court directions designating additional portions essential to be included in the record on appeal.
(c) Cross Assignments of Error by Appellee. The appellee may include cross assignments of error with his directions, but the failure of an appellee to file cross assignments of error shall in no event be construed so as to prevent him from thereafter appealing from an adverse ruling.
(d) Additional Directions by Appellee if Cross Assignmentsare Filed. If the appellee files cross assignments of error, the appellant may within five days file further directions for making up the transcript.
(e) Service on Adverse Party. Within the period of time for filing assignments of error and directions to the Clerk, the party filing same shall serve the adverse party with copies thereof and proof of such service shall be filed with the Clerk and included in the transcript of record.
(f) Stipulation as to Record. In lieu of the directions to the clerk for making up the record on appeal as directed in the preceding paragraphs, the parties may by written stipulation filed with the clerk of the trial court indicate such parts of the record, proceedings and evidence as should be included in the record on appeal.
(2) Record to be Abbreviated.
(a) Guide to Preparation of Record on Appeal.
The questions raised or the grounds of appeal and cross-appeal as reflected in the assignments of error shall control the content of the record on appeal. All pleadings, evidence and other matters not essential to *Page 767 
the decision of said questions shall be omitted. Formal parts of all exhibits and more than one copy of any document, shall be excluded. Documents shall be abridged by omitting all irrelevant and formal parts.
(b) Penalty. Failure on the part of counsel or others to abbreviate the record on appeal as thus required will subject them to the payment of such costs as this Court may deem proper to impose.
(3) Reporter's Authenticated Transcript.
For appellate purposes bill of exception and the formal authentication thereof by the trial judge as now required are hereby abolished. When any proceedings in the trial court have been stenographically reported, within the time for filing directions by appellant, the court reporter shall certify a copy of his transcribed notes to the clerk of the trial court for use in the preparation of or as a part of the record on appeal. The trial court clerk shall not be required to verify nor shall he make a charge for any stenographic copy furnished and certified by a court reporter when physically incorporated in the transcript. The trial court at all times shall have power to make such report speak the truth.
Every reporter's transcript must comply with the requirements for the transcript of record.
(4) Authenticated Transcript of Trial Proceedings.
(a) May be in Question and Answer, Abstract, or NarrativeForm, or Both. If the record on appeal includes testimony taken at the trial or hearing, it may be in question and answer or narrative form or both as the party designating the inclusion may require unless the judge of the trial court shall otherwise *Page 768 
direct. Other proceedings directed to be included in the record on appeal may be narrated or stated in question and answer form or both or portions may be stated abstractly if in the judgment of the trial court the disposition of the cause will be facilitated. Immaterial substance shall be omitted. When any testimony is to be included in the record in narrative or abstract form, the party so directing shall prepare and file with his directions a condensed statement in narrative or abstract form of such testimony.
(b) Objections to Narrative or Abstract Statements. When there shall have been filed any directions to include any narrative or abstract statement or omit any evidence, then any other party may within (5) days or within the time for filing directions, file and serve objections thereto and the reasons for such objections.
(c) Hearing on Objections. The trial court shall hear and consider such objections on short notice and order the evidence placed in the record as it was taken at the trial or in a manner to overcome any meritorious objections.
(5) Stipulated Record on Appeal.
When the questions presented by an appeal can be determined without an examination of all the pleadings, evidence, and proceedings in the court below, the parties may prepare and sign a statement of the cause showing how the questions arose and were decided in the lower court and setting forth only so many of the facts averred and proved or sought to be proved as are deemed essential to a decision of the questions by the appellate court, together with any assignments of error relied on by the appellant or *Page 769 
appellee or both. Such stipulated record when certified by the clerk and transmitted to the appellate court shall constitute the entire record-on-appeal.
(6) Appellant May Prepare Record.
If the appellant elects he may prepare the record on appeal from the directions to the clerk filed by the parties to the cause. In this event the clerk of the trial court shall be entitled to receive a fee only for verifying and certifying and otherwise making same meet the requirements of these Rules, and he shall not certify any record on appeal that does not comply with the rules of this Court.
(7) Several Appeals — One Record.
When more than one appeal is taken to the same court from the same order, judgment or decree, a single record on appeal shall be prepared containing all the matter designated or agreed upon by the parties, without duplication.
(8) Correcting Record on Appeal.
(a) Differences as to Truth of Record. If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform with the truth.
(b) Material Omissions Supplied. If anything material to either party is omitted from the record on appeal by error or accident or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the appellate court, or the appellate court, on a proper suggestion or of its own initiative, may direct that the omission *Page 770 
or misstatement shall be corrected, and if necessary that a supplemental record shall be certified and transmitted by the clerk of the trial court. No other proceedings shall be necessary in event of a suggestion or diminution of the record.
(c) Appellate and Trial Court May Make Record Speak Truth.
Both the appellate and the trial court shall have power to rule on objections to the contents of the record on appeal and to make such order as unto it shall appear proper to promote the administration of justice and in order to reduce the volume of the record without injustice and yet present to the appellate court the matters complained of.
(9) Pleadings, Motions, Exhibits, and OtherPapers Part of Record.
All pleadings, motions, exhibits, and other papers properly filed in a cause and upon which any assignment of error is founded shall be considered a part of the record on appeal, without the necessity of authentication, and proceedings in pais may be authenticated by recitals in the order, judgment or decree, or by certificate of the judge or of the court in which such proceedings were had settled after notice.
(10) Record Presumed to Contain EverythingMaterial.
Upon appellate proceedings it shall be presumed, unless the record shows to the contrary, that such record transmitted to the appellate court contains all proceedings in the trial court material to the questions presented for decision by the appellate court.
(11) Powers of Lower Court.
After the entry of an appeal and before the record on appeal is filed in this court the things required to *Page 771 
be done in the lower court and objections to things done, including the fixing or extension of time within which they shall be done, shall be under the supervision of the lower court, subject to the control of this court.
(12) Required Contents of Every Record on Appeal.
Every record on appeal shall contain the assignments of error, cross assignments of error, directions to clerk, notice of appeal and order, judgment or decree appealed from.
RULE 12. PREPARATION OF RECORD OF APPEAL.
(a) When Commenced. The preparation of the record on appeal shall be begun upon the expiration of the periods herein allowed the parties for filing their directions to the Clerk or order on objections thereto. It shall be completed as expeditiously as possible and forthwith transmitted to the Clerk of this Court under the hand of the clerk and seal of the court from which the appeal is taken.
(b) Limitation for Filing Record on Appeal. The record on appeal shall be filed in this Court in every case within forty (40) days from the time when the appeal was taken unless the time be extended by a judge of the court whose order, judgment, or decree is appealed from, or a Justice of this Court, provided no extension for more than 10 days shall be granted without notice to the adverse party.
(c) Type and Spacing. The record on appeal may be printed or typewritten, but in either event the lettering shall be black and distinct, type no smaller than small pica, double spaced and margin no less than *Page 772 
one inch. Quoted matter shall be indented and single spaced.
(d) Paper and Size. The record shall be printed or typewritten on opaque, white unglossed paper. If printed the folio shall be 6 x 9 inches, or within one-half inch thereof; if typewritten, not larger than legal cap size.
(e) Pleadings and Orders Designated. Every pleading, order, judgment, or decree placed in the record on appeal shall be designated by name or kind in bold type at the top thereof without the repetition of the caption of the cause. Indorsements shall be omitted unless material to some assignment of error. (e.g., not "Order" but "Order Sustaining Demurrer" or "Order Dissolving Injunction," etc., not "Demurrer" but "Demurrer to Amended Declaration," etc.)
(f) Binding, Titles, Volumes. All records shall be bound in pamphlet, and stitched if printed, securely fastened if typewritten, with headings in capital letters, subheadings in bold type not less than eleven point, and in case the colume exceeds two hundred sheets, it shall be bound in two or more folios with not more than two hundred sheets to each folio, provided that any fraction of a folio may be included in the first folio if there be but one, or in last folio if there be more than one.
The cover on each volume shall contain the style of the cause, title of this Court, title of the court from which the cause was appealed, and the names and addresses of counsel, and if in more than one volume, the number of the volume shall also be stated.
(g) Preface. Index. In all cases the appellant shall preface the record with a complete index, giving *Page 773 
in chronological order the date of the filing of each paper, order, or instrument in the court below, the name or character of the instrument and the page of the record where the same may be found. Deeds, contracts, and the like shall be described by the names of the parties thereto; names of witnesses and the pages where the testimony may be found shall also be designated.
(h) Photostatic Copies. No photostatic copy of any record or paper shall be used unless it is certified by the trial judge that a facsimile reproduction is essential to the consideration of the case because of some peculiarity on the original paper which would not be discernible in a typewritten or printed copy.
(i) Adversary's Copy of Record. The appellant shall furnish or cause to be furnished appellee with a copy of the record on appeal and cross-appellant shall furnish or cause to be furnished cross-appellee with a copy of that portion of the record required by reason of the cross-appeal, which requirements shall at all times preliminarily be under the control of the trial court and ultimately under the control of this Court.
(j) Copies Filed in Clerk's Office. When it is made to appear that the service of a copy of a transcript on each appellee would work an undue hardship or unreasonable expense, the trial court may in lieu of service authorize, after notice, the filing of at least one and not more than three copies with the clerk of the trial court for the use of appellees.
(k) Court Reporter's Certificate. If the authenticated transcribed notes of the court reporter are to be embraced in the record on appeal, the certificate of the court reporter transmitting such transcribed *Page 774 
notes to the clerk of the trial court shall be substantioally in the following form
 "CERTIFICATE OF THE COURT REPORTER
"State of Florida } "County of__________}
"I, _________, do hereby certify that the case of __________ vs. __________ was tried on the _____ day of __________, 19__; that I was authorized to and did report in shorthand the proceedings and evidence in said trial, and that the foregoing pages, numbered 1 to _____ inclusive is a true and correct transcription of my shorthand report of the proceedings of said cause.
"In Witness Whereof I have hereunto affixed my hand this __________ day of __________, 19__.
 "________________________ "Court Reporter."
(1) Clerk's Certificate. The record on appeal shall be certified to the Supreme Court by the clerk of the trial court within five days after it is completed and copy furnished appellee. The clerk's certificate shall be substantially in the following form:
 "CERTIFICATE OF CLERK
"State of Florida } "County of __________}
"I, __________, Clerk of the __________ Court for the County of __________, State of Florida, do hereby certify that the foregoing pages 1 to _____ inclusive contain a correct transcript of the record of the judgment in the case of __________ vs. __________ and a true and correct recital *Page 775 
and copy of all such papers and proceedings in said cause as appears from the records and files of my office that have been directed to be included in said record by the directions furnished me. (Pages _____ to _____ inclusive embrace the transcribed notes of the court reporter as made at the trial and certified to me by him.)*
In Witness Whereof, I have hereunto set my hand and affixed the Seal of said Court this _____ day of __________, 19__.
 __________________________ "Clerk of the _______ Court of ___________ County."
If the record on appeal is prepared by or pursuant to stipulation as provided in Rule 11 the Clerk's certificate shall be substantially in the following form:
 "CERTIFICATE OF THE CLERK ON STIPULATED RECORD
"State of Florida } "County of __________}
"I, __________, Clerk of the __________ Court of the County of __________, State of Florida, do hereby certify that the foregoing pages 1 to _____ inclusive contain a true and correct transcript of the record of the judgment in the case of __________ vs. __________ and a true and correct recital of the stipulation prepared and signed by the parties to the said cause wherein it was agreed that the facts, pleadings, assignments or questions, proceedings and recitals therein should constitute the record on appeal and were all that was essential for the appellate court to review and adjudicate the questions raised. *Page 776 
In Witness Whereof, I have hereunto set my hand and affixed the Seal of said Court this _____ day of __________, 19__.
 _____________________________ "Clerk of the __________ Court of _________ County."
RULE 13. SUMMONS AND SEVERANCE ABOLISHED. PARTIESTO APPEAL.
The practice of summons and severance is hereby abolished.
Any party who shall feel aggrieved may take an appeal, and all parties to the cause, unless they be named as parties appellant, shall automatically become parties appellee. Any person or persons taking or joining in an appeal shall be the party or parties appellant, and all other parties shall be parties appellee, regardless of the effect on such party or parties of any order, judgment or decree appealed from; and as to any party against whom a judgment by default or a decree pro confesso shall have been entered in the lower court, the cause may proceed ex parte, but this shall not deprive any such party from his right to file cross-assignments of error. If any party named as appellee desires to join in the appeal, and shall within the time allowed by these rules for filing notice of appeal, file his joinder in appeal, he may become an appellant and may thereafter, if he desires and within the time prescribed by these rules for such purpose, file such additional assignments of error and directions to the clerk as he may deem necessary. If any party wishes to be dismissed from the appeal and to proceed no further, then after five days' notice to the other parties to the appeal he shall present to the *Page 777 
appellate court a motion for his dismissal from the cause. If the court shall decide and order that the cause may be decided without such party, he may be dismissed and the cause proceed, and such party shall be bound by the decision rendered.
RULE 14. SERVICE OF NOTICE — HOW.
Service of all papers and notices required by these rules or by order of this Court, may be made by delivering a copy of the paper or notice to the party to be served or by leaving the same at the dwelling house in which he resides, with some member of the family not less than fifteen years of age; or by delivering the same to his attorney or solicitor; or by leaving the same in the office of the said attorney or solicitor during usual office hours with a person in charge thereof, or by depositing, securely sealed and postpaid, in the post office directed to such party or attorney at his usual post office address. When service is made otherwise than by an executive officer of this court proof thereof shall be made by affidavit.
RULE 15. USE OF ORIGINAL PAPERS, EXHIBITS AND RECORDS.
Whenever the trial judge shall deem it necessary or proper that original papers, exhibits or records shall be inspected by the Supreme Court, he may order the same to be transmitted in such manner as shall seem proper, and this Court will in that case consider such original instruments in connection with the transcript of the record, and as a part thereof.
RULE 16. SUGGESTING DEATH OF PARTIES.
(a) Whenever there is pending an appeal in this Court and any party thereto shall die, the personal *Page 778 
representative of the deceased party may voluntarily come in and be admitted as a party to the appeal, which shall thereupon be heard and determined as other appeals.
(b) If the personal representative does not voluntarily become a party to the appeal as provided in (a), any interested party may by motion suggest the death and move for an order requiring the representative to become a party within twenty-eight days or with such time as the court may fix.
(c) A copy of such order shall be published in some newspaper of general circulation in the county of the trial court, provided that personal service of a copy of the order upon the personal representative shall be deemed equivalent to and a substitute for publication.
(d) If such personal representative shall not come in as required by order of the court, the movant, if an appellee may procure an order of dismissal and if the movant be an appellant, may procure an order of revival of the cause against said personal representative in order that said appeal might be finally determined.
(e) If any party to the appeal shall die after the cause has been submitted upon final hearing in this Court, and before decision rendered, it shall not be necessary to revive the suit against the deceased party.
(f) If an appellee dies and service on parties interested becomes necessary constructive service as provided by law in trial courts may be substituted if personal servcie cannot be reasonably made. *Page 779 
RULE 17. GUARDIANS AD LITEM.
The attorneys and guardians ad litem in the court below shall be deemed the attorneys or guardians ad litem of the same parties in this court, unless others are duly appointed, notice thereof given to the adverse party, and the substitution noted of record.
RULE 18. APPEALS FROM COMMISSIONS AND BOARDS.
(a) Appeals to the Supreme Court from any commission or board shall be governed by these rules so far as they are applicable.
(b) The records and briefs shall be prepared and filed as required by the rules of this Court unless otherwise ordered. Failure on the part of appellant to pursue his appeal promptly shall be grounds for dismissal at his cost. See Rule 19 for advancing these appeals.
(c) Motions to quash, dismiss or strike must be made and submitted on or before the day herein fixed for the final submission of the cause.
RULE 19. ADVANCEMENT OF CAUSES.
(a) Cases Entitled to Precedence on Final Hearing. Criminal and habeas corpus cases, appeals from the Railroad Commission, cases in which the State is the real party in interest, and cases which are entitled to advancement by statute or rule of this Court, may be advanced for final hearing by the Court, upon its own motion or upon motion of one of the parties.
(b) Case of Original Jurisdiction, When Entitled toPrecedence. No case of which this Court may have original jurisdiction will be given precedence over appellate causes, unless it be one of public right, or so *Page 780 
involving public interests as to require its advancement. This rule, however, shall not apply to cases of habeas corpus.
RULE 20. BRIEFS, WHEN FILED AND WHAT TO CONTAIN.
All briefs shall be printed or typewritten as provided in Rule 12. Briefs of more than twelve pages shall be indexed and prefaced by an alphabetical list of authorities cited. The appellant shall within thirty days after filing the transcript, file the original and one copy of his brief with the Clerk of this Court and serve one copy on opposing counsel. Service on opposing counsel may be by mail or in person, but proof thereof must be made to this Court.
Within twenty days after copy of appellant's brief is filed, appellee shall file the original and one copy of his brief with the Clerk of this Court and in like manner serve one copy on opposing counsel. If appellant desires he may within ten days file the original and one copy of his reply brief with the Clerk of this Court and in like manner serve one copy on opposing counsel. The Court or the Chief Justice may, for good cause, extend the time for filing briefs but no other briefs will be permitted except by special order of the Court.
The brief of appellant shall contain, (1) a history of the case, (2) a statement of the questions involved, and (3) the argument.
History of the Case. The history of the case should be limited to a concise recital of the essential facts without argument or undue elaboration. It should state the purpose of the litigation, should contain a chronological enumeration of the pleadings (and if *Page 781 
necessary, a summary thereof), the issues made, and the judgment of the trial court with appropriate reference to applicable pages of the transcript. The appellee in his brief may point out any error in the brief of appellant and make such additions to the history of the case as recited in the brief of appellant as he may deem essential to the disposition of the questions raised, with references to the pages of the transcript which he claims support his position.
Statement of the Questions Involved. The prime or controlling questions to be answered shall be stated as concisely as possible without duplication or argument. The question or questions of law should be made to appear clearly, and should not be stated in the alternative. Each question should be stated and numbered in a separate paragraph and should be followed by a statement of whether it was answered in the negative or the affirmative by the trial court, or if not answered, it should so state.
Argument. The section of the brief called "argument" shall contain a division for each of the questions involved, to be headed by the question in distinctive type and followed by such discussion and citation of authority as the writer deems pertinent. Specific assignments of error from which the questions argued arise should be stated, and if any reference to the transcript is made, the page should be given. When opinions of this Court are cited, the page and number of both the Florida Reports and the Southern Reporter should be given.
This rule shall apply to all briefs filed in this Court except those in bond validation proceedings. In such cases appellant's brief shall be filed with the transcript and appellee's brief shall be filed within ten days thereafter. *Page 782 
Failure to observe these requirements shall be ground to strike or dismiss.
RULE 21. ORAL ARGUMENTS.
(a) Oral arguments may be heard on any case appealed to this Court if seasonably applied for. "Applications for oral argument" may be filed by appellant or appellee, shall be printed or typewritten and filed with the Clerk of this Court and a copy served on counsel for the opposite party in the same manner the briefs are required to be served.
(b) A maximum of thirty minutes to the side will be allowed for oral argument but this time may be enlarged or contracted as the circumstances of the case may require. The Court may in its discretion require oral argument if not requested, or may dispense with it if deemed unnecessary.
(c) Not more than two counsel to the side will be heard to argue any case except by special permission. Extensive reading from books, records, and briefs will not be permitted. Counsel's deductions from the evidence may be argued but reading the evidence from the record should not be indulged.
(d) Counsel in oral argument will be expected to briefly outline the order, judgment or decree appealed from and the matter wherein it is conceived to be erroneous, and the reasons why it is conceived to be right or wrong.
RULE 22. DISMISSALS.
(a) Dismissal of Causes When Settled. When any cause pending in this Court shall be settled by compromise or otherwise it shall be the duty of both *Page 783 
parties to immediately notify the Court of such settlement, and the appellant shall, within ten days thereafter file in the Supreme Court a praecipe for a dismissal of the cause and the same shall be dismissed.
(b) Voluntary Dismissal of Appeals. The appellant, or the appellant and appellee jointly where the appellee has assigned errors, may dismiss the appeal at any time by filing with the clerk of this Court a praecipe for a dismissal, and paying the costs of the appeal.
(c) Clerk's Duty. Upon an appeal having been dismissed, it shall be the duty of the clerk immediately to certify the fact of dismissal to the lower court.
RULE 23. DEPOSIT FOR COSTS.
(a) In all appeals and in cases originating in this Court the Clerk may require a deposit of twelve dollars to cover his fees before the record is filed, provided that such charge shall not be exacted in advance in habeas corpus cases, criminal appeals in which there is an affidavit of insolvency and in appeals where the State is the real party in interest.
(b) The Sheriff of this Court and his deputies may require their fees for serving process in all appeals and in cases originating in this Court to be paid or secured to them in advance, provided that such charge shall not be exacted in advance in habeas corpus cases, appeals in which the State is the real party in interest and criminal appeals in which there is an affidavit of insolvency.
RULE 24. TAXATION OF COST.
(1) For Transcript. In all appellate proceedings where a transcript of record of the proceedings in the *Page 784 
lower court is necessary, the cost of such transcript reasonably incurred may be taxed in the lower court after the filing of the mandate.
(2) (a) Supreme Court Cost — When Taxed by Lower Court. In all appellate proceedings the Clerk of this Court may, in the mandate, assess the parties liable for costs reasonably incurred in this Court, but in default thereof and upon motion therefor the judge of the lower court shall assess such costs together with cost of transcript of record, in the final judgment or decree, or by the entry of a separate judgment not later than sixty days after the filing of the mandate.
(b) Reviewable by Petition. If any party be aggrieved by any judgment for costs, said judgment shall be reviewable in the Supreme Court upon petition, provided the petition be filed within twenty days after the entry of the judgment.
(c) Petition and Notice — Requisite of. Petition to review judgments for costs must set forth with particularity the items of costs allowed by the lower court, the items complained of, and a copy of such petition shall be served forthwith upon the party adversely affected, with proof of service, shown. The adverse party shall file his reply thereto within ten days after service on him.
RULE 25. REHEARING.
(a) Rehearings must be applied for by petition in writing within fifteen days after the filing of the judgment, decree, or order of the Court, unless further time is allowed.
(b) The petition shall not assume any new ground or position from that taken in the original argument *Page 785 
or briefs upon which the cause was submitted, and must set forth concisely the omissions, oversight, causes or grounds on which it is based, and must point out specifically in what respect the original opinion and decision is deemed to be erroneous in some material matter of law or fact.
(c) If considered and determined by a division of the court applications for rehearing shall be referred to and disposed of by the division which heard and considered the case unless otherwise ordered by the Court or the Chief Justice. If the case was considered and determined by the Court en banc, the petition for rehearing shall likewise be considered and disposed of.
(d) A copy of the petition shall be served upon the opposite party or counsel at or before the time of its submission to the Court. It shall not be considered a part of the record in the cause unless so ordered or rehearing granted. No argument shall be allowed on the petition.
(e) When a petition for rehearing is denied, the Clerk shall forthwith issue and transmit the mandate to the Court below. The petitioner shall not be entitled to file any additional petition.
RULE 26. ISSUANCE OF MANDATE — CLERK TO NOTIFY.
(a) Unless by special order the Court shall otherwise direct, it shall be the duty of the clerk upon the expiration of fifteen (15) days from the dismissal in invitum of any cause, or the affirmance or reversal by any judgment, decree or order, to issue such mandate or process as may be directed by the Court. If *Page 786 
a petition for rehearing is filed, this time shall be extended until the petition is denied or, if granted, until the case is finally determined. The Clerk, on the date of the issuance of the mandate, shall record the same in a book kept for that purpose in which shall be noted the date and manner of its transmission to the court below. Upon issuance of the mandate to the Court below the Clerk shall return such original papers as may have been transmitted to the Supreme Court.
(b) Clerk to Notify Attorneys of Transmission of — TransmitAdjudication in Certiroari. The Clerk of this Court upon the issuance of any mandate shall notify the attorneys of record and upon the final adjudication in certiorari proceedings transmit to the lower court a copy of the court's judgment.
RULE 27. EXTRAORDINARY WRITS, MANDAMUS, CERTIORARI, PROHIBITION, QUO WARRANTO, HABEAS CORPUS, AND STAY WRITS.
(1) The provisions of Rule 27 are applicable to Rules 28 to 33, both inclusive.
(a) When Heard. Notice. All applications for writs of mandamus, certiorari, prohibition, quo warranto, habeas corpus, and other writs necessary to the complete exercise of the jurisdiction of this Court as authorized by Section 5, Article V, of the Constitution shall be made as herein provided and may be heard any Monday at 9:30 A. M., provided five days' notice of such application shall have been given to the adverse party and proof thereof filed with the Clerk of this Court.
(b) Writs Raising Issue of Fact Not Heard. Applications raising questions of fact which will require *Page 787 
the taking of testimony to determine will not be entertained.
(c) Brief Served on Respondent. Copy of every brief required with any application shall be furnished the adverse party.
(d) If presented in person, not exceeding ten minutes to the side will be allowed for argument. If more time is desired the cause will, on application of either party, be set for a day certain and the full time given.
RULE 28. CERTIORARI.
(a) Petition to be Supported by Transcript and Brief.
Application for writ of certiorari shall be by petition which shall be accompanied by a certified transcript of the record of the proceedings the petitioner seeks to have reviewed or so much thereof as is essential. Unless shown by opposing counsel to be necessary, no other record shall be required. The petition shall contain a concise statement of the cause and the reasons relied on for granting the writ. It shall also be accompanied by a supporting brief prepared in compliance with the rules of this Court.
(b) Respondent to be Served with Petition, Transcript andBrief. Copy of the petition, transcript, and brief shall be furnished respondent or his counsel at the time notice of application therefor is filed with the Clerk of this Court.
(c) Respondent's Brief — When Filed. The respondent may file his brief in opposition to the writ within ten days after he is furnished with copy of petitioner's brief. The petition should be set down under (1) (a) of this Rule for hearing on a Motion *Page 788 
Day occurring after the time allowed respondent herein to file brief.
(d) Oral Argument Only When Granted. Unless further proceedings are ordered by the Court, the cause shall then be finally disposed of without oral argument.
(N. B. See separate ruling relation to certiorari of interlocutory decrees.)
RULE 29. PROHIBITION.
(a) Petition for. Application for writ of prohibition shall be by suggestion stating the nature of the proceeding sought to be prohibited. The contents of the suggestion shall be substantially as required by statute.
(b) Issuance of Rule. If the suggestion makes a prima facie case, the Court will issue a rule directed to the inferior court, and any other party respondent joined therewith commanding it to show cause on a return day certain why the writ as prayed for should not be granted.
(c) Respondent's Return and Brief. On the return day so fixed or sooner if desired, the respondent shall file such appropriate pleadings as he may deem proper, including his brief in support thereof.
(d) Relator's Reply Brief. The relator shall be given not exceeding ten days to file his brief at which time the cause shall be ready for final disposition without oral argument.
RULE 30. MANDAMUS.
(a) Petition for — Issuance of Alternative Writ or Rule.
Proceedings in mandamus shall be instituted *Page 789 
by petition setting up as briefly as may be the basis for the relief prayed. If the petition makes a prima facie case, the court will issue the alternative writ or it may issue a rule to show cause on a return day certain why an alternative writ should not be granted.
(b) Respondent's Return and Briefs — When. On the return day respondent shall plead to the writ as he may deem proper, supporting said plea or pleas with a brief.
(c) Relator's Reply Brief. Relator shall be allowed not exceeding ten days to file his reply at the conclusion of which the cause shall be finally adjudicated unless further proceedings may be ordered by the Court.
(d) Necessary Parties. Original petitions in mandamus will not be entertained by this Court unless a State officer, State board, State functionary, or some other agency authorized to represent the public generally is named as respondent.
RULE 31. QUO WARRANTO.
(a) By Whom Instituted. Proceedings in quo warranto including informations in the nature of quo warranto may be instituted by petition or information in the name of the State by the Attorney General or by any person claiming title to the office or franchise on the refusal of the Attorney General.
(b) Governed by Rules on Mandamus. The petition shall conform to statutes on quo warranto. The rule as to pleading, filing briefs, and final disposition of cause prescribed herein to govern mandamus shall apply to and govern quo warranto. *Page 790 
RULE 32. HABEAS CORPUS.
(a) Issued by Whom — Governed by Statutes. When application is made therefor, writ of habeas corpus may be issued by this Court or any justice thereof in the manner provided by law.
(b) Notice to Attorney General. If the validity of any statute, criminal law proceeding, or conviction is attacked, the notice required herein to the adverse party shall be given to the Attorney General. The time for the notice to run may be shortened by the Court or Justice issuing the writ but in no case shall it be dispensed with.
(c) Respondent's Return and Briefs. When the writ is issued, an early return date shall be set at which time formal return of the officer holding custody of the petitioner shall be made. In the absence of motion to quash or motion for discharge not withstanding the return, issue shall be joined thereon, and all briefs shall be filed, unless additional time shall be allowed therefor. The cause shall then be ready for final disposition without oral argument.
RULE 33. CONSTITUTIONAL STAY WRITS.
(a) After Appeal and Notice. Application for constitutional or other writs necessary to complete exercise of the jurisdiction of this Court will be entertained only after the required notice herein to the adverse party, unless such requirement be modified. No such petition will be entertained unless an appeal has been perfected in this Court and then it must clearly appear that supersedeas will not completely preserve the Court's jurisdiction.
(b) Final Adjudication on Merits. When. If it *Page 791 
develops on the application for the writ that the ends of justice will be best served by disposing of the cause on the merits, the Court will so determine and permit counsel to file briefs, but no further argument will be permitted.
RULE 34. INTERLOCUTORY APPEALS BY CERTIORARI.
(a) Interlocutory Appeals to be by Certiorari. All appeals from interlocutory decrees as authorized by statute including orders or decrees after final decree, shall be prosecuted to this Court by certiorari in the manner provided by the rules relating to the constitutional writ of certiorari. This rule shall not preclude the review of such orders and decrees on final decree, if found more expedient.
(b) Court's Action. If on examination of the petition for certiorari it affirmatively appears that the appeal is frivolous, was not taken in good faith, was taken for delay, or is without substantial merit, the writ will be denied or if having been issued it will be quashed without opinion and the cost imposed on petitioner. Opinions on such appeals will be written only when required to settle the law of the case or when shown to be essential or necessary as a guide to the court and litigants in subsequent steps in the cause.
(c) Oral Argument. Arguments of not exceeding ten minutes to the side will be permitted the day application is made. If more time is desired, it will be set for a day certain.
RULE 35. SUPERSEDEAS OR STAY.
(a) Motion and Order for. Every appeal taken to this Court shall operate as a stay or supersedeas under *Page 792 
the following conditions. The party taking the appeal shall at that time or at any time prior to filing his record on appeal in this Court apply to the court from which the appeal is taken for a good and sufficient bond payable to the adverse party, the amount and conditions of which shall be fixed by the Court to whom the application is made. If the appeal is from a money judgment or a final decree, the stay or supersedeas shall be as of right on posting the bond.
"Good and Sufficient Bond" Defined. A "good and sufficient bond" shall be taken to mean a bond with a principal and two good and sufficient personal sureties or one surey if a surety company authorized to do business in the State of Florida when and if approved by the clerk or judge of the lower court or an officer authorized by the order granting the stay or supersedeas.
(b) For Recovery of Money Not Secured. When the judgment order or decree requires or provides unconditionally for the payment or recovery of money, the bond shall be payable to the adverse party conditioned to satisfy the judgment or decree or any modification not increasing the amount thereof, in full including costs, interest (if chargeable), and damages for delay, in event the appeal be dismissed or the judgment, order or decree is affirmed.
(c) For Recovery of Money Otherwise Secured. When the judgment, order, or decree is for the recovery of money not otherwise secured, the bond shall be conditioned to pay costs on appeal, interest (if legally chargeable) and damages for delay, together with such other and further conditions as shall be fixed by the Court. *Page 793 
(d) Other Than for Money. If the judgment is in whole or in part other than a money judgment, the amount and condition of the bond shall be determined by the Court and the elements to be considered in fixing the amount and conditions of such bonds shall be the costs of the action, costs of the appeal, interest (if chargeable), damages for delay, use, detention, and depreciation of any property involved.
(e) Review of Order When Arbitrary or Unreasonable. In any event, if the bond required is deemed to be arbitrary or unreasonable or such as is for any other reason not proper, it may be reviewed, modified or discharged by this Court on motion on any motion day provided five days' notice thereof be given to the adverse party.
(f) In Certiorari. When it shall be made to appear to the lower court that a petition for certiorari has been or is about to be applied for in this Court, the lower court may grant a supersedeas or stay upon petitioner giving a good and sufficient bond conditioned that such petition shall be duly presented to the Supreme Court within twenty days and to pay all costs, damages and expenses occasioned by reason of the stay of proceedings together with such other and further conditions as may be fxed by the lower court in event the order or judgment of which a review is sought, is not quashed, modified or reversed.
(g) Judgment Against Surety. By entering into a supersedeas or stay order bond given purusant to these rules, any statute, or order of court, the surety submits himself to the jurisdiction of the lower court. After motion and citation his liability may be enforced without the necessity of an independent action. *Page 794 
RULE 36. CRIMINAL APPEALS.
(a) Writs of Error from judgments in habeas corpus cases as authorized by law are hereby abolished and relief by appeal substituted, provided application therefor be made as provided in Section 5444, Compiled General Laws of 1927.
(b) In criminal appeals, the judgment of the trial court may be affirmed without brief but it will not be reversed if no brief is filed. This Court may review any question raised in brief which appears in the record but ordinarily it will limit its review to questions adjudicated by the trial court. If the appeal involves capital punishment the sufficiency of the evidence will be reviewed by this Court.
RULE 37. RECORD IN CRIMINAL APPEALS.
In all criminal cases, appeals shall be taken as required by Section 290 of the Criminal Procedure Act and the record prepared as required by Rules 11 and 12 of this Court in so far as they are applicable. The court reporter shall file the original and two copies of his transcribed notes with the clerk of the trial court. To these the clerk of the trial court shall attach a copy of the indictment or information, the pleas and such other documents or proceedings as the directions to him require. He shall certify the original to this Court as the record in the cause and deliver one copy to the Attorney General and the other copy to the attorney for the appellant.
The transcribed notes of the court reporter in criminal appeals shall be certified to the clerk of the trial court under the same form of certificate as is required for other appeals in Rule 11 of the Rules of this Court. *Page 795 
In certifying the record on appeal in criminal cases to this Court, the clerk of the trial court shall use the same form of certificate as is required by him for other appeals by Rule 12 of the Rules of this Court.
RULE 38. CERTIFIED QUESTIONS.
(a) When Certified. When it shall appear to a judge of the circuit court that there is involved in any cause pending before him questions or propositions of law that are determinative of the cause and are without controlling precedent in this State and it is made to appear that instruction from this Court would facilitate the proper disposition of the cause, the circuit court may promptly on his own motion or on motion of either party certify said question or proposition of law to this Court for instruction.
(b) Limitations on. Only questions or propositions of law that can be answered without regard to other issues may be so certified and they must be definitely and concisely stated. The certificate will not be employed in a way to affect the jurisdiction of this Court or the circuit court but will be limited to those cases in which it will facilitate the final disposition of the cause.
(c) Contents of Certificate. The certificate shall contain the style of the case, a "Statement of Facts" showing the nature of the cause and the circumstances out of which the questions or propositions of law arise, and the "Questions" of law to be answered.
(d) Preparation of Certificate. The certificate may be prepared by stipulation as provided by Rule 11 (5) of the Rules of this Court or as directed by the circuit judge, upon due notice. When so prepared and *Page 796 
signed by the judge, it shall be endorsed and certified to this Court by the clerk of the circuit court under his official seal.
(e) Costs of Certificate. If sufficient reason therefor is shown, this Court may require the entire record to be sent up and decide the controversy as if it were on appeal. The costs of the certificate shall be equally divided unless otherwise ordered by the Court. If the entire record is sent up and decision rendered as on appeal, costs may follow the general rule.
(f) Briefs and Argument. When the certificate is filed in this Court briefs shall be filed within fifteen and ten days unless otherwise directed. Oral argument may be granted on application as in other cases.
RULE 39. The violation of any of the foregoing rules shall subject the offending party to such penalty as the Court may impose.
IT IS ORDERED:
(1) That on and after the first day of March, 1942, the foregoing Rules shall supersede all rules heretofore adopted relating to appeals to and proceedings in the Supreme Court.
(2) That of those rules relating to the government of trial court in common law actions adopted April 27, 1936, effective October 1, 1936, the following shall be and the same are hereby abolished:
Paragraphs (a) and (c) of Rule 89; Rules 91, 92, 93, 94 and 95. *Page 797 
The Notice of Appeal may be substantially in the form following:
 (Title of Court)
A B, Plaintiff, v. C D, et al., Defendants.
 NOTICE OF APPEAL
The defendant, C. D., takes and enters his appeal to the Supreme Court of Florida to review the order judgment or decree of the Circuit Court of __________ bearing date the _____ day of __________, 19__, entered in the above styled cause and recorded in the records of said Court in Book __________, page _____, and all parties to said cause are called upon to take notice of the entry of this appeal.
 _________________________ Attorneys for C. D.
Joinder in appeal, authorized by Rule 13, may be substantially in the following form:
 (Title of Court)
A B, Plaintiff, v. C D, et al., Defendants.
 JOINDER IN APPEAL
The defendant, E. F., hereby joins in the appeal taken and entered by the defendant, C. D., to the Supreme Court of Florida by notice of appeal filed in the above styled cause on the _____ day of__________, *Page 798 
19__, to review the order, judgment or decree of the Circuit Court of __________ in said cause, bearing date of _____ day of __________, 19__, and recorded in the records of said court in Book _____, page _____ (here insert place of record of order, judgment or decree appealed from).
 _________________________ Attorneys for said E. F.
The following as a form of Supersedeas Bond to be required in Criminal Appeals is approved by this this Court:
"In the_______________________________
"In and for__________ County, Florida.
"STATE OF FLORIDA, } Plaintiff, } v. } SUPERSEDEAS BOND __________________, } Defendant. }
KNOW ALL MEN BY THESE PRESENTS that we __________ as principal and __________ as surety __________ are held and firmly bound unto the State of Florida in the penal sum of $__________ dollars money of the United States of America for the payment whereof well and truly to be made, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally, firmly by these presents.
NOW THE CONDITIONS of this obligation are such, that whereas the said __________ the defendant in the above styled and entitled cause, was at a term of the above named court on the _____ day of __________, A.D. 19__, convicted of the crime of _______________, whereupon a final judgment was thereafter made and *Page 799 
entered against the said defendant and whereas the said defendant being dissatisfied with the judgment and sentence of said Court did on the _____ day of __________, A.D. 19__, sue out an appeal to the Supreme Court of Florida.
Now THEREFORE, if the said _______________ shall diligently prosecute his said appeal and in the event that said appeal be dismissed or the said judgment and sentence be affirmed, shall be personally forthcoming to answer and abide the final order, sentence or judgment which may be passed in the premises by the appellate court, and that in case the cause is remanded that the plaintiff in error shall personally be and appear at the next term of the court, in which the case was originally determined, thereafter to be held (from day to day and term to term) to answer in the premises and not to depart from the court without leave thereof, then this obligation to be null and void else to remain in full force, effect and virtue.
SIGNED AND SEALED AT _______________, Florida, this _____ day of__________, A.D. 19__.
Received, approved and _______________ (Seal) filed this _____ day of Principal
__________A. D. 19__ _______________ (Seal) Surety __________ Clerk. _______________ (Seal) Surety *Page 800 
 AFFIDAVIT OF BONDSMEN
STATE OF FLORIDA } COUNTY OF__________ }
Before the undersigned authority, who is authorized by the laws of the State of Florida to administer oaths, personally appeared _______________ who, being by me first duly sworn says that he is one of the sureties on the annexed bail bond; that the following is true and correct schedule, in writing, showing and setting forth a full and detailed description of his property and its value, to-wit:
Description Encumbrances: Its Value: __________________________________________________________ __________________________________________________________ __________________________________________________________
and that he owns, and is possessed, in his own right and in his own name, of visible property situated in __________ County in the State of Florida, subject to levy and sale under judicial process, equal in value, over and above all his just debts and liabilities, and in excess of all encumbrances, to a sum double the amount of his liability as surety on such bond; that he has executed as surety other bonds during the next preceding six months of the following character, descriptions and amounts on which he is now liable, to-wit:
Description of Bond: Amount: __________________________________________________________ __________________________________________________________ __________________________________________________________
and that he owns and possesses, in his own right and fee simple, real estate, situated in __________ County, *Page 801 
Florida, subject to levy and sale under judicial process, of a real and substantial value, over and above all encumbrances thereon, and over and above all his debts, liabilities and homestead exemptions, including all his liability on any and all such bonds previously executed by him and still in force, of at least double the amount of the annexed bond, and that a full and complete description of all such real estate, together with all encumbrances therein, is heretofore stated.
 ________________________ (Signature of Surety)
Sworn to and subscribed before me, _______________ this _____ day of __________, A.D. 19__.
_________________________ (Signature of Officer administering oath.)
* (Parenthetical matter to be included if applicable.)
 *Page 1